**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**HUSSAIN KAMAL,**

          **Petitioner,**

   **v.**

**GRACE EVERSON,** *et al.*,

          **Respondents.**

:
:
:
:
:
:
:
:
:
:
:
:

**Case No. 2:26-cv-00749**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge S. Courter M. Shimeall**

## REPORT AND RECOMMENDATION

Petitioner Hussain Kamal, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner has also filed a "Motion for Stay of Enforcement of Forced Relocation" (ECF No. 2) and a "Motion to Appoint Counsel" (ECF No. 5).  This matter is before the Court on the Petition and the two pending motions.  For the reasons that follow, it is **RECOMMENDED** that the Petition be **DISMISSED without prejudice** for lack of jurisdiction and that the pending Motions be **DENIED without prejudice as moot**.

## I.  BACKGROUND

In 2011, Petitioner was sentenced by the United States District Court for the Northern District of Texas to a term of imprisonment of 235 months to be followed by a lifetime term of supervised release.  *See United States v. Kamal*, 3:10-cr-00159-D (N.D. Tex.).  In 2024, the Bureau of Prisons ("BOP") designated him to an Ohio Residential Reentry Center ("RRC").  (ECF No. 1, PAGEID #: 2.)  Petitioner was released from the Ohio RRC on June 18, 2026.  (*Id.*)  Available records indicate that Petitioner has completed his federal custodial sentence, and, as of June 18,

2026, is no longer in the custody of the BOP. *See* BOP Inmate Locator, *available at*, https://www.bop.gov/inmateloc/ (last visited June 24, 2026).

Upon his release, Petitioner alleges he was given a letter rescinding his relocation approval. (*Id.*) Petitioner then filed this petition, alleging United States Probation Officers for the Southern District of Ohio are attempting to require him to relocate from Ohio to Texas.

While Petitioner presently resides in this District—the Southern District of Ohio—this District does not have jurisdiction over him as a supervised releasee.

## II.  LAW & ANALYSIS

Section 3605 of Title 18 provides for transfer of jurisdiction over a probationer or person on supervised release. It provides that a court, after imposing a sentence, "may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court." 18 U.S.C. § 3605. The Court has reviewed its own records and concludes that it has never accepted jurisdiction over Petitioner as a supervised releasee. Nor has this Court been requested to do so. The Court confirmed with this District's United States Probation Office that there has not been an Order Transferring Jurisdiction signed by a judge of the Northern District of Texas.

Because Petitioner resides in this District, but jurisdiction over his supervised release has not been transferred out of the Northern District of Texas, any supervision of Petitioner by this District's Probation Office has been "courtesy supervision," which is "an informal arrangement between Probation Offices that does not transfer jurisdiction, but instead uses the supervising office as the 'eyes and ears' of another." *See United States v. Johnson*, 861 F.3d 474, 480 n.18 (3d Cir. 2017). "While not typical, it also is 'not [an] uncommon' occurrence," and "[w]hen a

2

probation office provides this 'courtesy supervision' of a releasee on behalf of a probation office in a different district, 'formal jurisdiction over the releasee and any decision concerning his/her term of supervised release remains with the original sentencing court.'" *Roberts v. United States*, No. 4:23-CV-00914-MTS, 2023 WL 5917390, at *1 (E.D. Mo. Aug. 15, 2023) (citing Office of General Counsel, U.S. Sentencing Commission, *Primer: Supervised Release*, 9–10 (Feb. 2019) (https://www.ussc.gov/sites/default/files/pdf/training/primers/2019_Primer_Supervised_Release.pdf)).

Because the Northern District of Texas has not ordered the jurisdiction of Petitioner transferred to this Court and because this Court has not accepted and assumed jurisdiction of Petitioner as a releasee, the Court lacks jurisdiction to entertain Petitioner's instant application because his custodian remains his supervised release administrator in the Northern District of Texas. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (explaining a "claim attacking the execution of a sentence should be brought in a § 2241 petition in the jurisdiction of incarceration"); *Kills Crow v. United States*, 555 F.2d 183, 189 n.9 (8th Cir. 1977) (noting jurisdiction to entertain a § 2241 petition "exists only if the District Court has jurisdiction over the petitioner's custodian"); *United States v. Dohrmann*, 36 F. App'x 879, 881 (9th Cir. 2002) (explaining "the relevant custodian" for someone on supervised release is the "supervised release administrator," and noting that administrator might be in a different district than the sentencing court if there was a transfer under 18 U.S.C. § 3605); *cf. Bandy v. U.S. Atty. Gen.*, 408 F.2d 523, 524 (8th Cir. 1969) (finding a petitioner "remained in the lawful custody of the warden of the United States Penitentiary at Leavenworth, Kansas" for habeas purposes even when petitioner physically "was in the temporary custody of the United States Marshal in the District of North Dakota" for proceedings in another matter).

Accordingly, the Undersigned **RECOMMENDS** that Petitioner's petition (ECF No. 1) be **DISMISSED without prejudice** for lack of jurisdiction.

### III.    CONCLUSION

For the reasons above, the Undersigned **RECOMMENDS** that Petitioner's petition (ECF No. 1) be **DISMISSED without prejudice** for lack of jurisdiction.  Moreover, because the Undersigned recommends dismissal of this case for lack of jurisdiction, it is further **RECOMMENDED** that Petitioner's pending "Motion for Stay of Enforcement of Forced Relocation" (ECF No. 2) and "Motion to Appoint Counsel" (ECF No. 5) be **DENIED without prejudice as moot**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

4

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

        **IT IS SO ORDERED.**

                                      */s/ S. Courter M. Shimeall*         
                                      **S. COURTER M. SHIMEALL**
                                      **UNITED STATES MAGISTRATE JUDGE**